## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY RODRIGUEZ,

      Plaintiff,

v.                                  No. 2:23-cv-00278-KRS

DEMING POLICE DEPT. and
FNU ARAGON,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
## ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 31, 2023 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 31, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months was $1,241.00;[1] (ii) Plaintiff's monthly expenses total $1,450.00; (iii) Plaintiff has $0.00 in cash and $0.00 in bank accounts; (iv) Plaintiff has four children who rely on him for support; and (v) Plaintiff "live[s] paycheck to paycheck." The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and his total monthly expenses exceed his monthly income.

**The Complaint**

This case arises from Plaintiff's arrest by Defendant Aragon who is an officer with Defendant Deming Police Department. Plaintiff alleges that Defendant Aragon, after placing Plaintiff into the police car, stated "if I was banging my head on the window to not leave blood on his window and w/ my threats to hurt myself and actions to hurt myself he neglected to stop me and get me the ad[e]quate help I needed at that time before I injured myself." Complaint at 3. Plaintiff also alleges that:

---

[1] It appears that Plaintiff wrote annual incomes of $3,924.00 for child support and $10,968 in disability payments instead of the monthly amounts.

> I was in holding at police station while several officers watched me bang my head against concrete. And my family was looking for me to make bail & did not give them any info as to my charges or whereabouts until I was airlifted to El Paso Texas w/ bleeding in my brain & a tumor I have which has disabled me as well … Their total disregard of me causing myself harm & how much harm I was causing all while knowing I already have a brain tumor.

Complaint at 3-4.  There are no allegations that Defendant Aragon was one of the officers that watched Plaintiff bang his head on the concrete while in holding at the police station.

The Complaint fails to state a claim against the Deming Police Department because there are no allegations that the Deming Police Department is a suable entity.  "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Complaint fails to state a claim against Defendant Aragon pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016); *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, *what specific legal right the plaintiff believes the defendant violated*.") (emphasis added).  Where the form Complaint prompts plaintiffs to allege which of their rights have been violated, Plaintiff wrote "Negligence."  Complaint at 4.  There are no allegations identifying any federally protected right that Plaintiff believes Defendant Aragon violated.

To the extent Plaintiff is asserting a claim against Defendant Aragon's for deliberate indifference to a risk of harm to Plaintiff, the Complaint fails to state a claim.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *Barrie v. Grand Cty.*, 119 F.3d 862, 866 (10th Cir. 1997) (Claims based on an inmate's self-inflicted harm "are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody.").

"The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (quotations omitted).

"The deliberate indifference standard has objective and subjective components." *Id.* at 992 (brackets and quotations omitted). Both must be satisfied. *See id*.

i. Objective component

"The objective component of deliberate indifference is met if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quotations omitted). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki*, 762 F.3d at 1192-93 (quotations omitted).

ii. Subjective component

"To satisfy the subjective component, the plaintiff must show the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Burke*, 935 F.3d at 992 (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." *Id.* (quotations omitted). "We have found deliberate indifference when jail officials confronted with serious symptoms took no action to treat them." *Id.* at 993.

*Sawyers v. Norton*, 962 F.3d 1270, 1282-83 (10th Cir. 2020) (footnote omitted). There are no allegations showing: (i) the harm Plaintiff suffered by banging his head on the window of the police car; (ii) Plaintiff's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention; (iii) Defendant Aragon was aware that Plaintiff had a brain tumor or other medical and/or psychological conditions and drew the inference that a substantial risk of serious harm existed; and (iv) Defendant Aragon took no action to prevent harm to Plaintiff.

The Complaint fails to state a claim for negligence.

> To prevail on a negligence claim, a plaintiff must prove "the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 18, 137 N.M. 64, 107 P.3d 504 (internal quotation marks and citation omitted).

*Chavez v. Convergys Corp.*, 2023-NMCA-067, ¶ 9. There are no allegations describing the duty to Plaintiff that Defendant Aragon allegedly breached, how Defendant Aragon breached that duty or the harm allegedly caused by Defendant Aragon's breach of that duty. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

**Proceedings *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state

a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to file an amended complaint.  If Plaintiff does not timely file an amended complaint, the Court may dismiss this case.  The Amended Complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

Plaintiff attached several documents to his Complaint.  The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant.").  Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.  The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of a summons and the Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files:

(i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 31, 2023, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**