IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY RODRIGUEZ,

      Plaintiff,

v.                                                                          No. 2:23-cv-00278-MIS-KRS

DEMING POLICE DEPARTMENT and
FNU ARAGON,

      Defendants.

## ORDER OF DISMISSAL

This case arises from Plaintiff Thomas Ray Rodriguez's arrest by Defendant Aragon who is an officer with Defendant Deming Police Department. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), ECF No. 1. Plaintiff, who is proceeding *pro se*, alleges that Defendant Aragon, after placing Plaintiff into the police car, stated "if I was banging my head on the window to not leave blood on his window and w/ my threats to hurt myself and actions to hurt myself he neglected to stop me and get me the ad[e]quate help I needed at that time before I injured myself." *Id.* at 3. Plaintiff also alleges that:

> I was in holding at police station while several officers watched me bang my head against concrete. And my family was looking for me to make bail & did not give them any info as to my charges or whereabouts until I was airlifted to El Paso Texas w/ bleeding in my brain & a tumor I have which has disabled me as well … Their total disregard of me causing myself harm & how much harm I was causing all while knowing I already have a brain tumor.

*Id.* at 3-4. There are no allegations that Defendant Aragon was one of the officers that watched Plaintiff bang his head on the concrete while in holding at the police station.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

> The Complaint fails to state a claim against the Deming Police Department because there are no allegations that the Deming Police Department is a suable entity. "Generally, governmental sub-units are not separate suable entities that may be

sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Complaint fails to state a claim against Defendant Aragon pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016); *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, *what specific legal right the plaintiff believes the defendant violated*.") (emphasis added). Where the form Complaint prompts plaintiffs to allege which of their rights have been violated, Plaintiff wrote "Negligence." Complaint at 4. There are no allegations identifying any federally protected right that Plaintiff believes Defendant Aragon violated.

To the extent Plaintiff is asserting a claim against Defendant Aragon's for deliberate indifference to a risk of harm to Plaintiff, the Complaint fails to state a claim.

> "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *Barrie v. Grand Cty.*, 119 F.3d 862, 866 (10th Cir. 1997) (Claims based on an inmate's self-inflicted harm "are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody.").

> "The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (quotations omitted).

> "The deliberate indifference standard has objective and subjective components." *Id.* at 992 (brackets and quotations omitted). Both must be satisfied. *See id*.

> i. Objective component

> "The objective component of deliberate indifference is met if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quotations omitted). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki*, 762 F.3d at 1192-93 (quotations omitted).
>
> ii. Subjective component
>
> "To satisfy the subjective component, the plaintiff must show the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Burke*, 935 F.3d at 992 (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." *Id.* (quotations omitted). "We have found deliberate indifference when jail officials confronted with serious symptoms took no action to treat them." *Id.* at 993.

*Sawyers v. Norton*, 962 F.3d 1270, 1282-83 (10th Cir. 2020) (footnote omitted). There are no allegations showing: (i) the harm Plaintiff suffered by banging his head on the window of the police car; (ii) Plaintiff's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention; (iii) Defendant Aragon was aware that Plaintiff had a brain tumor or other medical and/or psychological conditions and drew the inference that a substantial risk of serious harm existed; and (iv) Defendant Aragon took no action to prevent harm to Plaintiff.

The Complaint fails to state a claim for negligence.

> To prevail on a negligence claim, a plaintiff must prove "the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 18, 137 N.M. 64, 107 P.3d 504 (internal quotation marks and citation omitted).

*Chavez v. Convergys Corp.*, 2023-NMCA-067, ¶ 9. There are no allegations describing the duty to Plaintiff that Defendant Aragon allegedly breached, how Defendant Aragon breached that duty or the harm allegedly caused by Defendant Aragon's breach of that duty. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

Order for Am. Compl., ECF No. 5, at 3-5. Judge Sweazea ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See id.* at 8. Plaintiff did not file an amended complaint by the February 26, 2024, deadline.

The Court dismisses this case without prejudice because: (i) the Complaint fails to state a claim upon which relief can be granted; and (ii) Plaintiff did not file an amended complaint or otherwise respond to Judge Sweazea's Order for Amended Complaint. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); Order for Am. Compl. at 1-2 (granting Plaintiff's Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

Accordingly, **IT IS ORDERED** that:

1. This case is **DISMISSED without prejudice**;
2. All pending motions are **DENIED AS MOOT**;
3. Final Judgment will be entered separately, and
4. This case is now **CLOSED.**

*(signature)*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE